**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE DONALD, | ) |
| | ) |
| Plaintiff, | ) JURY DEMANDED |
| | ) |
| v. | ) Case No. 1:18-cv-00790 |
| | ) |
| GROUP O, INC., | ) Judge: Honorable Sara L. Ellis |
| | ) |
| Defendant. | ) |

## **PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Plaintiff, George Donald ("Plaintiff"), by and through his undersigned attorneys, and for his Amended Complaint against Defendant, Group- O ("Defendant"), states as follows:

## **NATURE OF THE CASE**

1. Counts I, II, and III arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FSLA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter by virtue of 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the State of Illinois, at the Caterpillar, Inc. facility in Will County at which Defendant provides manpower service. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff is seeking to assert those claims that were severed in the class action matter *Raymond Abraham et al. v. Group O, Inc.*, Case No. 1:16-cv-11642 in the U.S. District

Court for the Northern District of Illinois ("Abraham Action"). The order severing the class was entered on January 30, 2018.

## PARTIES

5. That Plaintiff is a resident of Illinois.

6. That Defendant Group O is duly registered to conduct business in the State of Illinois.

7. That at all times pertinent herein, Plaintiff was employed by Defendant.

8. That Plaintiff was hired by Defendant in approximately October 2012 as a Forklift Driver.

9. That at some point in approximately 2013, Plaintiff was promoted to "Safety Coordinator."

10. That at all times pertinent herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

11. That Defendant is an Illinois corporation doing business within this judicial district. Group O is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## GENERAL ALLEGATIONS

12. Plaintiff incorporates the preceding paragraphs herein.

13. That Plaintiff was a non-exempt employee that was compensated on an hourly basis.

14. That Group O utilizes a payroll system called Kronos that electronically keeps track of each time Plaintiff swiped his time card/badge when starting and ending his shift.

15. That Plaintiff was also required to record his punch-in and punch-out times on the same electronic timekeeping system, Kronos.

16. That Group O provides staffing and manpower to its clients on a 24 hour basis that consists of three eight hour shifts.

17. That Defendant practiced a policy of indiscriminately rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

18. That as a result of these rounding practices, although the time swiped in and out still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

19. That Defendant's rounding policies always rounded in favor of Defendant and resulted in Plaintiff not being fully compensated for hours worked.

20. That Defendant's supervisors acknowledged and admitted to the use of these rounding policies.

21. That Plaintiff was frequently not paid for this work due to Defendant's rounding policy.

22. That Plaintiff was frequently not paid for some or all of his overtime work due to Defendant's rounding policies.

23. That Plaintiff was an hourly non-exempt employee that worked for Defendant and was not paid for all hours worked, including any overtime compensation for all hours worked in excess of forty (40) in a week.

24. That Defendant's violations of federal overtime laws were willful.

25. That as a result of all of the policies and practices above, Plaintiff worked a significant amount of unpaid time and Defendant never took such unpaid time into account when calculating the point at which Plaintiff reached the threshold of forty (40) hours in a workweek.

26. That Defendant did not compensate Plaintiff at the rate of one and one half his regular rate of pay (otherwise known as "overtime") for all hours worked in excess of forty (40) hours per workweek.

27. That Defendant also has a policy or practice of refusing to provide Plaintiff with overtime compensation unless he worked at least forty-one (41) hours per workweek, in violation of the FLSA.

28. That Defendant was, and is, aware of the legal requirements to compensate Plaintiff at the overtime rate of pay for all hours worked in excess of forty (40) per workweek, but deliberately disregards this requirement.

## COUNT I –DENYING LUNCH BREAKS IN VIOLATION OF THE FAIR STANDARDS LABOR ACT

29. Plaintiff incorporates the preceding paragraphs herein.

30. That Count I arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

31. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

32. That at all relevant times herein, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

33. That for all relevant times herein, the timekeeping system was programmed to automatically deduct thirty (30) minutes for lunch regardless of whether Plaintiff actually swiped in and out for lunch, whether Plaintiff's swiped time indicated less than thirty (30) minutes was taken for lunch, or whether Plaintiff was required to work through lunch.

34. That Plaintiff frequently had his lunch period cut short or was required to work through his lunch period due to either a direct order from a supervisor or as the result of a substantial workload.

35. That Plaintiff had one half hour of pay (30 minutes) deducted even though he did not receive a lunch break or returned to work early from lunch.

36. That Defendant was aware that Plaintiff was working though some or all of his otherwise unpaid lunch break, but nevertheless allowed such work to continue without compensation.

37. That as a result of the unlawful lunch break practices, Plaintiff failed to receive his due wages for regular hours worked.

38. That as a result of the unlawful lunch break practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

39. That Defendant's failure to pay Plaintiff compensation for all time worked and, as a result, its failure to pay Plaintiff compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Donald respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

   a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
   b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.

  c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).
  d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
  e. Award reasonable attorneys' fees and costs incurred in filing this action.
  f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
  g. Award other such additional relief as this Honorable Court may deem just and proper.

## COUNT II – ROUNDING POLICIES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff incorporates the preceding paragraphs herein.

41. That Count II arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

42. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

43. That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

44. That Defendant practiced a policy of rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

45. That as a result of these rounding practices, although the time swiped in and out still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

46. That Defendant's rounding policies always round in favor of Defendant and resulted in Plaintiff not being fully compensated for his hours worked.

47. That Plaintiff was often directed to complete his assignments before punching out for the day and as such, would often have to continue working after his scheduled shift-end time.

48. That Plaintiff was often required to stay late, past the scheduled end of his shift, to complete reports for Defendant.

49. That when Plaintiff was required to stay and work after the scheduled end of his shift, Defendant would round down his swipe-out time to the scheduled end of his shift.

50. That Defendant was aware that Plaintiff was not being compensated for this time but allowed the practices to continue.

51. That Defendant's supervisor, Bob Garcia ("Garcia"), acknowledged and admitted to the use of these rounding policies.

52. That as a result of Defendant's rounding practices, Plaintiff failed to receive due wages for regular hours worked.

53. That as a result of Defendant's rounding practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

54. That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA.

55. That Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Donald hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).

    d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
    e. Award reasonable attorneys' fees and costs incurred in filing this action.
    f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
    g. Award other such additional relief as this Honorable Court may deem just and proper.

## COUNT III – ALTERED TIME RECORDS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

56. Plaintiff incorporates the preceding paragraphs herein.

57. That Count III arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per work week.

58. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who was damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

59. That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

60. That Plaintiff was directed to complete his assignments before punching out for the day and as such, would often have to continue working after his scheduled shift-end time.

61. That Plaintiff's time was regularly manually edited by Defendant's managers, without verifying the time Plaintiff actually worked, to reduce the total number of hours paid.

62. That Defendant regularly altered Plaintiff's time records at both the start of and end of his shift.

63. That Defendant regularly altered time records to prevent overtime pay on holidays and weekends.

64. That Defendant also often required Plaintiff to clock out early but continue working off the clock until the end of his scheduled shift time.

8

65. That Defendant's falsification of Plaintiff's time cards was knowing and willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

66. That Defendant's practice of altering time records resulted in Plaintiff not being paid for all regular hours worked.

67. That Defendant's practice of altering time records resulted in Plaintiff not being paid for all overtime hours worked over forty (40) in one workweek.

68. That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA.

69. That Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Donald hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).
d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
e. Award reasonable attorneys' fees and costs incurred in filing this action.
f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
g. Award other such additional relief as this Honorable Court may deem just and proper.

*(Signature page to follow)*

                                      Respectfully submitted,
                                      George Donald


                                      By:/s/ Renee C. Fell
                                            One of his Attorneys

Uche O. Asonye – 6209522
Renee C. Fell – 6312785
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
(312)795-9110
uasonye@aa-law.com
rfell@aa-law.com

## **JURY DEMAND**

NOW COMES Plaintiff by his undersigned attorneys, and demands a trial by jury in the above entitled cause of action.

                                                      Respectfully submitted,
                                                      George Donald

                                                      By: /s/ Renee C. Fell
                                                      Attorney for Plaintiff

Uche O. Asonye – 6209522
Renee C. Fell – 6312785
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
(312)795-9110
uasonye@aa-law.com
rfell@aa-law.com

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, certifies that on February 28, 2018 she served the foregoing *Plaintiff's Amended Complaint* pursuant to the CM/ECF Electronic procedures issued by the Court, which then sent notice of the aforementioned documents to all parties of record.

                     /s/ Renee C. Fell

Uche O. Asonye – 6209522
Renee C. Fell - 6312785
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
(312) 795-9114 (fax)
uasonye@aa-law.com
rfell@aa-law.com