**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| GEORGE DONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00790 |
| | ) |
| GROUP O, INC., | ) Judge: Honorable Sara L. Ellis |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant, Group O, Inc. ("Defendant" or "Group O"), by and through its attorneys, Matthew Pappas, John O'Connor and Brian Ekstrom, and respectfully submits its answer and affirmative defenses to the Amended Complaint filed by Plaintiff as follows:

## NATURE OF THE CASE

1. Counts I, II, and III arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FSLA").

    ANSWER: Defendant admits that Plaintiff purports to bring Counts I – III under the FLSA but denies any allegations of FLSA violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter by virtue of 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

    ANSWER: Defendant admits the allegations in Paragraph 2.

3. The unlawful employment practices described herein were committed within the State of Illinois, at the Caterpillar, Inc. facility in Will County at which Defendant provides manpower service. Venue in the Northern District of Illinois is proper

pursuant to 28 U.S.C. § 1391(b).

ANSWER: Defendant admits that Plaintiff's claims relate to his work for Defendant at the Caterpillar facility in Will County, Illinois and that venue is proper in the Northern District of Illinois. Defendant denies the remaining allegations in Paragraph 3.

4. Plaintiff is seeking to assert those claims that were severed in the class action matter *Raymond Abraham et al. v. Group O, Inc.*, Case No. 1:16-cv-11642 in the U.S. District Court for the Northern District of Illinois ("Abraham Action"). The order severing the class was entered on January 30, 2018.

ANSWER: Defendant admits that Plaintiff is seeking to assert the claims that were severed from the above-stated case No. 16-cv-11642. Defendant denies the remaining allegations in Paragraph 4.

## PARTIES

5. That Plaintiff is a resident of Illinois.

    ANSWER: Defendant admits the allegations in Paragraph 5.

6. That Defendant Group O is duly registered to conduct business in the State of Illinois.

    ANSWER: Defendant admits the allegations in Paragraph 6.

7. That at all times pertinent herein, Plaintiff was employed by Defendant.

    ANSWER: Defendant admits that Plaintiff was previously employed by Defendant and denies the remaining allegations in Paragraph 7.

8. That Plaintiff was hired by Defendant in approximately October 2012 as a Forklift Driver.

    ANSWER: Defendant admits the allegations in Paragraph 8.

9. That at some point in approximately 2013, Plaintiff was promoted to "Safety Coordinator."

   ANSWER: Defendant admits the allegations in Paragraph 9.

10. That at all times pertinent herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

    ANSWER: Defendant admits that Plaintiff was an employee as defined by 29 U.S.C. §203(e) while he worked at Defendant and denies the remaining allegations in Paragraph 10.

11. That Defendant is an Illinois corporation doing business within this judicial district. Group O is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

    ANSWER: Defendant admits the allegations in Paragraph 11.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates the preceding paragraphs herein.

    ANSWER: Defendant incorporates the preceding answers herein.

13. That Plaintiff was a non-exempt employee that was compensated on an hourly basis.

    ANSWER: Defendant admits the allegations in Paragraph 13.

14. That Group O utilizes a payroll system called Kronos that electronically keeps track of each time Plaintiff swiped his time card/badge when starting and ending his shift.

    ANSWER: Defendant admits that it utilized the Kronos timekeeping system that recorded Plaintiff's swipe in after he entered the facility to arrive for work and

      Plaintiff's swipe out before he exited the building after his work ended. Defendant denies the remaining allegations in Paragraph 14.

15. That Plaintiff was also required to record his punch-in and punch-out times on the same electronic timekeeping system, Kronos.

    ANSWER: Defendant admits that Plaintiff was required to use the Kronos timekeeping system that recorded Plaintiff's swipe in after he entered the facility to arrive for work and Plaintiff's swipe out before he exited the building after his work ended. Defendant denies the remaining allegations in Paragraph 15.

16. That Group O provides staffing and manpower to its clients on a 24 hour basis that consists of three eight hour shifts.

    ANSWER: Defendant admits that it provided services to Caterpillar during Plaintiff's employment on a 24-hour / three eight-hour-shift basis. Defendant denies that it provides such schedule of services to all of its clients.

17. That Defendant practiced a policy of indiscriminately rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

    ANSWER: Defendant denies the allegations in Paragraph 17.

18. That as a result of these rounding practices, although the time swiped in and out still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

    ANSWER: Defendant denies the allegations in Paragraph 18.

19. That Defendant's rounding policies always rounded in favor of Defendant and resulted in Plaintiff not being fully compensated for hours worked.

ANSWER:  Defendant denies the allegations in Paragraph 19.

20. That Defendant's supervisors acknowledged and admitted to the use of these rounding policies.

ANSWER:  Defendant denies the allegations in Paragraph 20.

21. That Plaintiff was frequently not paid for this work due to Defendant's rounding policy.

ANSWER:  Defendant denies the allegations in Paragraph 21.

22. That Plaintiff was frequently not paid for some or all of his overtime work due to Defendant's rounding policies.

ANSWER:  Defendant denies the allegations in Paragraph 22.

23. That Plaintiff was an hourly non-exempt employee that worked for Defendant and was not paid for all hours worked, including any overtime compensation for all hours worked in excess of forty (40) in a week.

ANSWER:  Defendant admits that Plaintiff was an hourly, non-exempt employee. Defendant denies the remaining allegations in Paragraph 23.

24. That Defendant's violations of federal overtime laws were willful.

ANSWER:  Defendant denies the allegations in Paragraph 24.

25. That as a result of all of the policies and practices above, Plaintiff worked a significant amount of unpaid time and Defendant never took such unpaid time into account when calculating the point at which Plaintiff reached the threshold of forty (40) hours in a workweek.

ANSWER:  Defendant denies the allegations in Paragraph 25.

26. That Defendant did not compensate Plaintiff at the rate of one and one half his regular

rate of pay (otherwise known as "overtime") for all hours worked in excess of forty (40) hours per workweek.

ANSWER: Defendant denies the allegations in Paragraph 26.

27. That Defendant also has a policy or practice of refusing to provide Plaintiff with overtime compensation unless he worked at least forty-one (41) hours per workweek, in violation of the FLSA.

ANSWER: Defendant denies the allegations in Paragraph 27.

28. That Defendant was, and is, aware of the legal requirements to compensate Plaintiff at the overtime rate of pay for all hours worked in excess of forty (40) per workweek, but deliberately disregards this requirement.

ANSWER: Defendant admits that it was and is aware of its overtime obligations under the FLSA. Defendant denies the remaining allegations in Paragraph 28.

## COUNT I –DENYING LUNCH BREAKS IN VIOLATION OF THE FAIR STANDARDS LABOR ACT

29. Plaintiff incorporates the preceding paragraphs herein.

ANSWER: Defendant incorporates the preceding answers herein.

30. That Count I arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

ANSWER: Defendant denies the allegations in Paragraph 30.

31. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

ANSWER: Defendant denies the allegations in Paragraph 31.

32. That at all relevant times herein, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

    ANSWER: Defendant admits that Plaintiff was employed by Defendant and performed work for Defendant as contemplated by the FLSA. Defendant denies the remaining allegations in Paragraph 32.

33. That for all relevant times herein, the timekeeping system was programmed to automatically deduct thirty (30) minutes for lunch regardless of whether Plaintiff actually swiped in and out for lunch, whether Plaintiff's swiped time indicated less than thirty (30) minutes was taken for lunch, or whether Plaintiff was required to work through lunch.

    ANSWER: Defendant admits that its timekeeping system deducted 3-minute unpaid lunch periods during periods for which lunch was unpaid. Defendant denies the remaining allegations in Paragraph 33.

34. That Plaintiff frequently had his lunch period cut short or was required to work through his lunch period due to either a direct order from a supervisor or as the result of a substantial workload.

    ANSWER: Defendant denies the allegations in Paragraph 34.

35. That Plaintiff had one half hour of pay (30 minutes) deducted even though he did not receive a lunch break or returned to work early from lunch.

    ANSWER: Defendant denies the allegations in Paragraph 35.

36. That Defendant was aware that Plaintiff was working though some or all of his otherwise unpaid lunch break, but nevertheless allowed such work to continue without compensation.

ANSWER: Defendant denies the allegations in Paragraph 36.

37. That as a result of the unlawful lunch break practices, Plaintiff failed to receive his due wages for regular hours worked.

ANSWER: Defendant denies the allegations in Paragraph 37.

38. That as a result of the unlawful lunch break practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

ANSWER: Defendant denies the allegations in Paragraph 38.

39. That Defendant's failure to pay Plaintiff compensation for all time worked and, as a result, its failure to pay Plaintiff compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

ANSWER: Defendant denies the allegations in Paragraph 39.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Donald respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).
d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
e. Award reasonable attorneys' fees and costs incurred in filing this action.
f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
g. Award other such additional relief as this Honorable Court may deem just and proper.

ANSWER: Defendant denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II –ROUNDING POLICIES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff incorporates the preceding paragraphs herein.

    ANSWER: Defendant incorporates the preceding answers herein.

41. That Count II arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

    ANSWER: Defendant denies the allegations in Paragraph 41.

42. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

    ANSWER: Defendant denies the allegations in Paragraph 42.

43. That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

    ANSWER: Defendant admits that Plaintiff was employed by Defendant and performed work for Defendant as contemplated by the FLSA. Defendant denies the remaining allegations in Paragraph 43.

44. That Defendant practiced a policy of rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

    ANSWER: Defendant denies the allegations in Paragraph 44.

45. That as a result of these rounding practices, although the time swiped in and out

still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

ANSWER: Defendant denies the allegations in Paragraph 45.

46. That Defendant's rounding policies always round in favor of Defendant and resulted in Plaintiff not being fully compensated for his hours worked.

ANSWER: Defendant denies the allegations in Paragraph 46.

47. That Plaintiff was often directed to complete his assignments before punching out for the day and as such, would often have to continue working after his scheduled shift-end time.

ANSWER: Defendant admits that Plaintiff may have been directed to complete certain assignments before punching out and that Plaintiff may have done so and been paid overtime for such work. Defendant denies the remaining allegations in Paragraph 47.

48. That Plaintiff was often required to stay late, past the scheduled end of his shift, to complete reports for Defendant.

ANSWER: Defendant admits that Plaintiff may have been directed to complete certain assignments or reports before punching out and that Plaintiff may have done so and been paid overtime for such work. Defendant denies the remaining allegations in Paragraph 48.

49. That when Plaintiff was required to stay and work after the scheduled end of his shift, Defendant would round down his swipe-out time to the scheduled end of his shift.

ANSWER: Defendant denies the allegations in Paragraph 49.

50. That Defendant was aware that Plaintiff was not being compensated for this time but allowed the practices to continue.

      ANSWER: Defendant denies the allegations in Paragraph 50.

51. That Defendant's supervisor, Bob Garcia ("Garcia"), acknowledged and admitted to the use of these rounding policies.

      ANSWER: Defendant denies the allegations in Paragraph 51.

52. That as a result of Defendant's rounding practices, Plaintiff failed to receive due wages for regular hours worked.

      ANSWER: Defendant denies the allegations in Paragraph 52.

53. That as a result of Defendant's rounding practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

      ANSWER: Defendant denies the allegations in Paragraph 53.

54. That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA.

      ANSWER: Defendant denies the allegations in Paragraph 54.

55. That Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

      ANSWER: Defendant denies the allegations in Paragraph 55.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Donald hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

   a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
   b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.
   c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid

          overtime compensation found due pursuant to 29 U.S.C. § 216(b).

d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.

e. Award reasonable attorneys' fees and costs incurred in filing this action.

f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

g. Award other such additional relief as this Honorable Court may deem just and proper.

ANSWER: Defendant denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III – ALTERED TIME RECORDS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

56. Plaintiff incorporates the preceding paragraphs herein.

    ANSWER: Defendant incorporates the preceding answers herein.

57. That Count III arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per work week.

    ANSWER: Defendant denies the allegations in Paragraph 57.

58. That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who was damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

    ANSWER: Defendant denies the allegations in Paragraph 58.

59. That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

    ANSWER: Defendant admits that Plaintiff was employed by Defendant and performed work for Defendant as contemplated by the FLSA. Defendant denies the remaining allegations in Paragraph 59.

60. That Plaintiff was directed to complete his assignments before punching out for the

day and as such, would often have to continue working after his scheduled shift-end time.

ANSWER: Defendant admits that Plaintiff may have been directed to complete certain assignments before punching out and that Plaintiff may have done so and been paid overtime for such work. Defendant denies the remaining allegations in Paragraph 60.

61. That Plaintiff's time was regularly manually edited by Defendant's managers, without verifying the time Plaintiff actually worked, to reduce the total number of hours paid.

ANSWER: Defendant denies the allegations in Paragraph 61.

62. That Defendant regularly altered Plaintiff's time records at both the start of and end of his shift.

ANSWER: Defendant denies the allegations in Paragraph 62.

63. That Defendant regularly altered time records to prevent overtime pay on holidays and weekends.

ANSWER: Defendant denies the allegations in Paragraph 63.

64. That Defendant also often required Plaintiff to clock out early but continue working off the clock until the end of his scheduled shift time.

ANSWER: Defendant denies the allegations in Paragraph 64.

65. That Defendant's falsification of Plaintiff's time cards was knowing and willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

ANSWER: Defendant denies the allegations in Paragraph 65.

66. That Defendant's practice of altering time records resulted in Plaintiff not being paid for all regular hours worked.

ANSWER: Defendant denies the allegations in Paragraph 66.

67. That Defendant's practice of altering time records resulted in Plaintiff not being paid for all overtime hours worked over forty (40) in one workweek.

    ANSWER: Defendant denies the allegations in Paragraph 67.

68. That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA.

    ANSWER: Defendant denies the allegations in Paragraph 68.

69. That Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

    ANSWER: Defendant denies the allegations in Paragraph 69.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff George Donald hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).
d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
e. Award reasonable attorneys' fees and costs incurred in filing this action.
f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
g. Award other such additional relief as this Honorable Court may deem just and proper.

ANSWER: Defendant denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has suffered no damages.

2. To the extent Plaintiff has suffered damages, Plaintiff has failed to mitigate his damages.

3. Plaintiff's Amended Complaint fails to state a cause of action on which relief can be granted.

4. Plaintiff's claims are barred by the applicable statute of limitations to the extent he seeks recovery of alleged unpaid wages outside the limitations period set forth in the Fair Labor Standards Act.

5. Plaintiff's Complaint does not state facts sufficient to justify an award of punitive or liquidated damages.

6. To the extent Plaintiff was required to work off the clock or otherwise violate Group O policy and Plaintiff failed to pursue available internal remedies, the Plaintiff's claim is barred.

7. Upon information and belief, Plaintiff's claims are barred by the doctrines of payment and accord and satisfaction. Plaintiff was paid for his rest breaks and time recorded and worked.

8. To the extent any employee of Group O engaged in illegal or otherwise wrongful conduct, as alleged in Plaintiff's Complaint, such person(s) acted outside the scope of his or her employment, and without actual, implied, or apparent authority, and therefore there can be no vicarious or respondent superior liability.

9. Plaintiff's claims are or will be barred by the doctrine of res judicata.

10. Plaintiff's claims are barred by the doctrine of laches.

11. Group O reserves the right to assert such other additional and/or affirmative defenses, counterclaims or third-party claims that may become known to it through discovery or further proceedings in this case.

Wherefore, Defendant respectfully requests that this Court dismiss Plaintiff's amended complaint in its entirety and deny all relief requested and award to Defendant its costs and any other relief this Court deems appropriate.

Date: March 30, 2018

                                         Respectfully submitted,
                                         John O'Connor

                                         /s/  John O'Connor

                                         Attorney for Defendant Group O, Inc.

John O'Connor
Brian Ekstrom
Pappas O'Connor, P.C.
900 West Jackson Boulevard
Suite Six West
Chicago, Illinois 60607
312-421-5960
joconnor@pappasoconnor.com
bekstrom@pappasoconnor.com

## CERTIFICATE OF SERVICE

TO: Uche O. Asonye
Renee C. Fell
Adrian Jonak
Asonye and Associates
100 North LaSalle Street Suite 2115
Chicago, Illinois 60602
uasonye@aa-law.com
rfell@aa-law.com
ajonak@aa-law.com

    I, John O'Connor, certify that I caused to be served the foregoing document upon the above-named counsel for Plaintiff on this **30th day of March, 2018**, by the Court's ECF electronic filing system.

                                                     /s/ John O'Connor

John O'Connor
Brian Ekstrom
PAPPAS O'CONNOR, P.C.
900 West Jackson Boulevard Suite Six West
Chicago, Illinois 60607
312-421-5960
joconnor@pappasoconnor.com
bekstrom@pappasoconnor.com